THE STATE OF MONTANA, EX REL. ARCHIE E. SIMON, ET AL., AS MEMBERS OF AND CONSTITUTING THE STATE BOARD OF EQUALIZATION, RELATORS, v. DISTRICT COURT, CHOUTEAU COUNTY, ET AL., RESPONDENTS.

No. 9424.
Submitted June 8, 1954. Decided December 3, 1954.
277 Pac. (2d) 534.

Mr. Arnold H. Olsen, Atty. Gen., Mrs. Vera Jean Heckathorn, Asst. Atty. Gen., Mr. H. O. Vralsted, Sp. Asst. Atty. Gen. & Tax Counsel, Board of Equalization, Mr. Lyman J. Hall, Deputy Asst. Atty. Gen., for appellant.

Mr. Vernon E. Lewis, Fort Benton, for respondent.

Mr. Vralsted and Mr. Lewis argued orally.

MR. JUSTICE FREEBOURN:

This is an original proceeding in this court wherein the relators, as members of the Montana state board of equalization, have petitioned for a writ of mandate commanding the respondent court and judges to comply with a directive made by this court in the concluding paragraph of its opinion in the case of In re McAnelly's Estate, 127 Mont. 158, 258 Pac. (2d) 741, 748, which directs the respondent court to "subject the entire joint bank account of $68,282.01 to inheritance tax * * *."

It is contended by relators that this has not been done, it being alleged in the relators' petition that the respondent court by an order made February 17, 1954, disregarded said directive of this court, "in that it did not impose the tax thereon wholly to the said beneficiary, Pearl Griesinger, but assumed to allocate the amount thereof among three persons, to-wit: Pearl Griesinger, Frank Maxwell and Alice Quinn, and by so doing reduced the amount of inheritance tax due the State of Montana thereupon by approximately $1,260.00 * * *."

Reference to In re McAnelly's Estate, supra, is made for the facts out of which this proceeding arose, and for this court's views thereon. We find no need for elaborating on them here.

Suffice to say that it was the intent and purpose of this court that the respondent court should subject the entire bank account of $68,282.01 when and as it stood in the name of Pearl Greisinger as the survivor of the joint bank account and as though she were the sole owner thereof.

For the reasons stated the order of the respondent court, made February 17, 1954, fixing the inheritance tax upon the said bank account of $68,282.01, after such amount had been distributed to Pearl Griesinger, Alice Quinn and Frank Maxwell, is set aside and held null and void, and the respondent court and judges are directed to fix the inheritance tax upon said bank account of $68,282.01, as though the said Pearl Griesinger, survivor of the joint bank account, were the owner of said entire $68,282.01.

Let the writ issue.

456

MR. CHIEF JUSTICE ADAIR and MR. JUSTICES BOT-TOMLY, and ANDERSON, concur.

MR. JUSTICE ANGSTMAN: (dissenting).

This court held in Re McAnelly's Estate, ...... Mont. ......, 258 Pac. (2d) 741, that the bank account which was established within three years prior to the death of decedent is taxable as property of the decedent. It likewise was noted that Pearl Griesinger does not claim the bank account as her own either by right of survivorship or by virtue of having deposited her own money in the account. In effect we held that the entire $68,282.01 was taxable as property of decedent. As I see it, since the evidence shows that Pearl Griesinger had no interest in the joint bank account and since she disclaimed any interest in it, it passes to the residuary legatees under the will, viz., Pearl Griesinger, Alice Quinn and Frank Maxwell. The court's order determining the inheritance tax was made on this basis, and I think correctly so.

In any event, one-half of the joint account, the one-half retained by the decedent should be taxable to the three residuary legatees. R. C. M. 1947, sec. 91-4405. If the rebuttable presumption of a gift of the other half to Pearl is not sufficiently overcome by the evidence, then it is only that one-half together with Pearl's interest as a residuary legatee in the other one-half that is taxable to her.